JOSEPH CHAENEN *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

The plaintiff, claiming damages for injury to his automobile resulting
from a collision alleged to have been caused by the defendant's
negligence, offered evidence to prove that he was driving near the
defendant's trolley-track at the time of the accident because he
was forced to do so by the proximity of an approaching truck. In
its charge to the jury, the court stated that if the injury was due
solely to the negligence of the driver of the truck, or to such negli-
gence combined with that of the plaintiff, there could be no re-
covery from the trolley company, but that if the plaintiff was not
negligent and both the defendant and the truck driver were, re-
covery might be had from either. After verdict and judgment
for the defendant, the plaintiff appealed, contending that the truck
driver's negligence was not in point since he was not a party to the
suit, and that no standard to test his conduct was given the jury.
*Held* that the jury could not have understood that a recovery
might be had against the driver of the truck *in the present action*,
and that in other respects the charge was correct and adequate
for the guidance of the jury in the situation presented by the evi-
dence and claims of the parties.

Argued January 24th—decided March 1st, 1924.

ACTION to recover damages for injuries to the plain-
tiff's automobile alleged to have been caused by the de-
fendant's negligence, brought to the Court of Common
Pleas in New Haven County and tried to the jury be-
fore *Simpson, J.;* verdict and judgment for the defend-
ant, and appeal by the plaintiff. *No error.*

*Charles A. Harrison,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellee (defendant).

WEBB, J. The plaintiff claimed and offered evidence
tending to prove that the reason why he was driving

his automobile so near to the trolley-track, was because
of the approach of a big truck coming toward him in the
opposite direction, and he was trying "to look ahead"
and to keep as far to the right as he could to let the
truck "get on the white spot of the road," meaning, no
doubt, the white line usually placed along the middle
of paved highways at dangerous curves and grades;
that he was unable to avoid collision with the trolley-
car by turning to the left, because of the proximity of
the big truck and other traffic, "and did not have
another inch in which to pull to the left in order to avoid
collision with the trolley-car."

The plaintiff claims that as the driver of the truck
was not a party to the suit, the court erred in charging
the jury that it was an important matter for them to
consider whether the truck was being operated in a rea-
sonable manner or to its left of the middle of the high-
way, and if they should find that the negligence of the
operator of this truck was the *sole cause* of damage to
the plaintiff's car, then, of course, he could not recover
of the defendant.

In the portions of the charge to which the plaintiff
objects, the trial judge was especially clear and accurate
in his instruction. As to this situation the court
charged as follows: "It is one of the claims of the plain-
tiff that an automobile truck, passing him in an oppo-
site direction, prevented him from pulling further to
his left away from the trolley-tracks. If you find that
to be a fact, it is an important matter to be considered
by you in this case. If the truck was being operated
in an unreasonable manner or to its left in the center of
the highway, and the plaintiff in order to avoid a colli-
sion with it was forced, in the exercise of reasonable care,
to proceed for the time being near or upon the trolley-
tracks, he is not to be held negligent in so doing. But
if the plaintiff's lack of care, together with that of the

driver of the truck, produced a dangerous situation, and a situation which might have been avoided by the exercise of reasonable care on his part, then the fact that he could not, because of the presence of the truck, turn far enough to his left in order to avoid a collision with the trolley-car, would not absolve him from his negligence in creating the dangerous situation. In other words, if his own negligence and that of the driver of the truck produced a situation from which the plaintiff could not thereafter extricate himself without coming into collision with the truck [trolley-car], the fact he could not so do would not excuse his negligence in causing or helping produce the dangerous situation. And if he was negligent in that respect, and in helping or causing to produce the dangerous situation, and that negligence materially contributed to the injuries which he received, he, of course, cannot recover in this case. And I will add right here, gentlemen of the jury, that if you should find that the negligence of the operator of this truck was the sole cause of damage to the plaintiff's car, then, of course, he cannot recover from the defendant; but if the operator of the truck was negligent and the operator of defendant's trolley-car was also negligent, and the negligence of both of them produced the damage to plaintiff's car, and he was free from negligence, then, of course, he could recover from either one, and he would therefore, under those circumstances, be entitled to recover from the defendant; but he cannot, as I have said, he cannot recover from this defendant, if the negligence of the operator of the truck was the sole cause of the damage. . . . The truck, of course, is just an element entering into the situation here, gentlemen. I told you if the operator of the truck was negligent in the manner in which he operated it, and operated it beyond the center of the highway, that he was solely negligent, that is, that the plaintiff's damage was

Chaenen *v.* Connecticut Co.

due solely to his negligence, then the plaintiff cannot recover from the defendant. . . . If there was joint negligence between the operator of the truck and the plaintiff, then the plaintiff cannot recover under those circumstances. If you find there was joint negligence in the operation of the truck and the operation of the trolley-car, but if the operator of the plaintiff was free from any negligence in the operation of his automobile, then he would be entitled to recover of either the operator of the truck or of the defendant company, of course, if the negligence of the trolley-car was the proximate cause of the damage, and under those circumstances he would be" entitled to recover of either.

It is true, that the court said, at least twice, that if the operator of the truck and the operator of the trolley-car were both negligent and the plaintiff was free from negligence, he could recover from *either one*. Of this the plaintiff complains because the operator of the truck was not a party to the action, and there could, in this suit, be no recovery against him. The plaintiff also complains that the jury were not given any standard of conduct to guide them in determining whether the driver of the truck was negligent. The court clearly charged the jury that "if the negligence of the operator of the truck was the sole cause of the damage," the plaintiff could not recover, and it is obvious from their verdict that the jury could not have understood the court's reference to a recovery against either the operator of the truck or the operator of the trolley-car, as indicating that they might *in this action* render a verdict against the operator of the truck.

The court was clearly right in instructing them that if they found the collision was *solely* the result of the negligence of the operator of the truck, or if there was joint negligence between the operator of the truck and the plaintiff, the plaintiff could not recover.

The general instructions of the trial court upon the subject of negligence and the obligation of the due care to be exercised by the operator of the trolley-car and by the plaintiff, under the circumstances disclosed by the evidence, was unexceptional and sufficient for the guidance of the jury, in estimating the conduct of the operator of the truck in considering whether or not he was either solely or jointly with the plaintiff responsible for the collision.

There is no error.

In this opinion the other judges concurred.