ADA SULLIVAN *vs.* HARRY KRIVITSKY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The negligence of the driver of an automobile in which the plaintiff is a passenger is not imputable to the latter.

A defendant is not relieved from liability for a personal injury caused by his own negligence in concurrence with the negligence of a third

Sullivan *v.* Krivitsky.

person: under such circumstances each of the persons in fault is responsible for the resultant damage.

The charge in the present case reviewed and *held* to have been misleading and prejudicial to the plaintiff with respect to the subject of concurrent negligence.

Argued January 18th—decided March 6th, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Thomas J. Ryan,* with whom was *Joseph J. Massa,* for the appellant (plaintiff).

*Claude B. Maxfield* and *Robert J. Woodruff,* for the appellee (defendant).

WHEELER, C. J. The injuries for which the plaintiff sues were sustained in a collision between the automobile in which the plaintiff was a passenger and the defendant's truck, at the intersection of York and Oak streets, New Haven. The jury rendered its verdict in favor of the defendant, and the plaintiff appeals for errors in the charge of the court. The principal errors concern the charge with reference to the subjects of imputed negligence and concurrent negligence. The view reached by us in these matters makes it unnecessary to consider the other errors assigned.

The plaintiff offered evidence to prove that the defendant's negligence was the proximate cause of this accident, while the defendant offered evidence to prove that the negligence of the driver of the automobile was the proximate cause. No evidence appears to have been offered by either party that the plaintiff's own

negligence essentially contributed to this accident, that is, that it so contributed as to have been a proximate or efficient cause of it. Since the negligence of the driver of the automobile cannot be imputed to the plaintiff—a passenger in the automobile—it follows that the only questions for the decision of the jury were as to whether the defendant's negligence was the proximate cause of the accident, and if so, the damages suffered therefrom. The court instructed the jury as to the duty of each of the parties in approaching the intersection of these streets in accordance with our law. *Neumann* v. *Apter,* 95 Conn. 695, 112 Atl. 350; *Bettilyon* v. *Smith & Son, Inc.,* 96 Conn. 16, 112 Atl. 649.

If the evidence before the jury is correctly represented in the respective statements of the parties, the court should have instructed the jury that there was no evidence before them from which they could reasonably find that the negligence of the plaintiff essentially contributed to this accident, and further, that in no event could the plaintiff be held responsible for the negligence of the driver of the automobile. In the earlier part of the charge the court did so charge the jury. Later in the charge the court instructed the jury that if the negligence of the driver of the car in which the plaintiff rode was the cause of her injury, the verdict must be for the defendant. This was correct. The court was referring to the sole cause of the accident. The plaintiff requested that the court charge the jury: "If you find that the defendant, Krivitsky, and the driver of the Buick car, Martin, were both guilty of negligence, the negligence of the driver of the Buick car, Martin, cannot be imputed to the plaintiff, and your verdict should then also be for the plaintiff." The plaintiff was entitled to this request with the added condition that the negligence of Krivitsky and

Martin was found by the jury to be the proximate cause of the accident. *Weidlich* v. *New York, N. H. & H. R. Co.*, 93 Conn. 438, 445, 106 Atl. 323; *Sampson* v. *Wilson*, 89 Conn. 707, 709, 96 Atl. 163; *Bartram* v. *Sharon*, 71 Conn. 686, 688, 43 Atl. 143. The casual statement of the general principle of imputed negligence may not have been carried in mind by the jury so as to make it applicable to the situation in case they found the proximate cause of the accident to have been the concurring negligence of the drivers of the truck and automobile. Upon the subject of concurrent negligence, the court charged: "Now, where two causes operate concurrently to produce any result, so that each may be regarded as an efficient cause, you cannot well say that either one was the proximate cause, because that one act alone, by itself, did not produce the result without the intervention of the other cause. Such a situation is akin to the case of a pure accident wherein neither party may be held justly guilty of a failure to exercise care commensurate with the circumstances. Herein lies the essence of this part of the plaintiff's case, that she must prove by a fair preponderance of the evidence that the defendant was negligent, and that it was his negligence which was the proximate cause of the injury complained of." This was equivalent to saying that if the jury found that the proximate cause of the accident was the negligence of the drivers of truck and automobile, the plaintiff could not recover, since in no case could he recover unless they found the defendant's negligence was the sole proximate cause of this accident. This does not accord with our law. "Negligence, in order to render one liable, need not be the sole cause of an injury. When two causes combine to produce injuries, one is not relieved from liability because he is responsible for only one of them. The negligence of two or more persons may concur, and

each be liable." *Stedman* v. *O'Neil*, 82 Conn. 199, 207, 72 Atl. 923; *Wilmot* v. *McPadden*, 78 Conn. 276, 284, 61 Atl. 1069; *Bartram* v. *Sharon*, 71 Conn. 686, 688, 43 Atl. 143; *Carstesen* v. *Stratford*, 67 Conn. 428, 435, 35 Atl. 276; *Farrell* v. *Eastern Machinery Co.*, 77 Conn. 484, 492, 59 Atl. 611; *Baldwin* v. *Greenwoods Turnpike Co.*, 40 Conn. 238, 244. The trial court momentarily confused the rule of concurrent negligence by a defendant and a third party, with the rule of concurrent negligence in the case of a defendant and a plaintiff, which is thus expressed in *Radwick* v. *Goldstein*, 90 Conn. 701, 709, 98 Atl. 583: "Whenever there is concurrent negligence of the parties of such a character that the negligence of each is to be regarded as a proximate cause of the resulting injury, there can be no recovery. It is only when the negligence of the plaintiff is not to be regarded as a proximate cause that he is permitted to recover, and that is upon the ground that there is not on his part negligence contributing in any true sense to produce the resulting injury." See, also, *Walker* v. *New Haven Hotel Co.*, 95 Conn. 231, 238, 111 Atl. 59; *Seabridge* v. *Poli*, 98 Conn. 297, 304, 119 Atl. 214.

There is error and a new trial is ordered.

In this opinion the other judges concurred.