CLARA E. TOWER vs. CHARLES W. CAMP ET AL.

ELLA MACGREGOR MILLER vs. CHARLES W. CAMP ET AL.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Although, upon motion duly made in accordance with § 5791 of the
General Statutes, a party is of right entitled to a special finding
of the facts upon which the judgment of the trial court is based,
and although this right may be enforced by appropriate pro-
cedure, nevertheless the denial of such a motion is not assign-
able error upon an appeal taken in the regular form, since the
ordinary appeal finding, which is necessary even though the
special finding be made, contains all the matter essential for a
review by this court.

The plaintiffs claimed, and the trial court found, that the collision
between the defendants' truck and the automobile in which the
plaintiffs were passengers, was due to the failure of the de-
fendants' operator to keep to his right of the center of the
highway as the cars approached from opposite directions, in vio-
lation of § 1 of Chapter 246 of the Public Acts of 1923. *Held*
that this conclusion was warranted by the subordinate facts; and
that there was no merit to the claim that the trial court had
held the defendants' driver to any higher standard of conduct
than that of exercising due care in yielding one half of the
highway to the approaching car.

Due care is always to be measured by the surrounding circumstances
and, in certain situations, may require a high degree of caution,
as in the present case, where, at nighttime, the defendants'
wrecking car, by means of a crane attachment, was towing a
heavy truck, the steering gear of which was broken so that it
deviated to some extent from the path of the wrecker.

No allegation that the negligence of the defendants' driver con-
curred with that of the operator of the car in which the plaintiffs
were riding, was necessary to support a finding to that effect;
nor was it of any avail to the defendants that the operator of
the plaintiffs' car likewise failed to keep to his right of the
center of the highway.

Argued May 5th—decided July 30th, 1925.

ACTIONS to recover damages for personal injuries
alleged to have been caused by the negligent operation

of defendants' automobile, brought to the Court of Common Pleas in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered for the plaintiff in each action, from which the defendants appealed. *No error.*

The plaintiffs in these actions were on October 8th, 1923, guests and passengers in an automobile owned and then operated by one William H. Goodrich, and were injured in a collision of Goodrich's car with a truck which was attached to the rear of a car which was operated by Randolph E. Camp and towing the truck. The complaints in the two cases are identical in all the material allegations, and the actions were by consent tried together, and a joint finding of facts made by the trial court covering both.

Each complaint alleged that plaintiff had no knowledge of the situation and no action on her part contributed to the collision. The answer to each complaint was a general denial.

The court found that the Camp car was operated, as stated in the complaint, upon the business of defendants, and had been stripped of its tonneau and equipped with a crane as a wrecker, and on the date mentioned in the complaint, at about 11:30 p. m., was engaged in towing a heavy truck which had been damaged so that its steering gear could not be used. Part of the weight of the forward end of the truck was taken up by the crane of the wrecker, but not all of it. Because the truck greatly exceeded in weight the towing car, one front wheel rested on the ground while the other front wheel was raised from the ground. The two rear wheels of the truck bore the weight of the rear end. The defendants had headlights and a rear red light on the wrecker, and three red lights or lanterns on the left side of the truck, one at the front end, one approximately half way back,

and one on the rear end. The forward end of the truck was fastened to the crane by a chain which ran through an eye-bolt in the top of the crane and through goose necks at either corner of the front of the truck. This chain passed through an eye-bolt in the end of a draw-bar extending back from the center of the rear frame of the wrecker and was made fast to the front axle of the truck. The defendants were proceeding on the State road from Milldale to Cheshire at a rate of approximately eight miles per hour.

Goodrich, who was driving his Star touring car in an opposite direction at a rate of speed of from twenty to thirty miles an hour, and his wife, who sat beside him on the front seat of his car, saw the defendants' headlights and a red light above them, a considerable distance away. As the cars drew near together the headlights of the defendants' car so blinded Goodrich that he could not see the road ahead of him. He did not slow down. Goodrich's car passed the defendants' wrecker and the left front end of the Goodrich car collided with the rear left wheel of the truck. The Goodrich car passed so closely to the wrecker, that the witness Coss, sitting on the floor of the defendants' car with his feet on its left running board, could "reach out and touch the Goodrich car."

The left front wheel of the Goodrich car was broken off by the force of the collision with the defendants' truck. The axle, upon which was a projecting iron, thereupon dropped to the ground and caused the marks upon the concrete road which were freshly made and easily traced upon the concrete. The width of the wrecker and the width of the truck were substantially the same and both were standard width.

The collision took place in substantially the center of the road. The defendants' cars at the time of collision were headed diagonally to the right across the

highway with the rear end of the truck in tow project-
ing over the center line of the highway. At the time
of collision the Goodrich car passing by the defendants'
wrecker struck the projecting end of the defendants'
truck in substantially the center of the road. Each
operator was negligent in failing to yield the other his
half of the road, and Goodrich was further negligent
in proceeding without slackening his speed when
blinded by the lights of the defendants' wrecker. The
negligence of both operators contributed materially
and essentially to cause the injuries of the plaintiffs.
Each plaintiff was a guest of Goodrich, riding in the
rear seat of the car, and no negligence in the conduct
of either plaintiff contributed in any way to her in-
juries.

The court found the injuries sustained by each of
the plaintiffs and that they were caused by negligence
of the defendants and awarded damages of $1,500 to
the plaintiff Tower, and of $1,000 to the plaintiff
Miller.

The defendants claimed as matter of law that in
each case they were not negligent, and that no negli-
gence on their part contributed materially or essen-
tially to the injuries of either plaintiff.

*Cornelius J. Danaher,* for the appellants (defend-
ants).

*Noble E. Pierce,* for the appellees (plaintiffs).

KEELER, J. Certain of the reasons of appeal are
general and are all in effect that the defendants were
not negligent and that judgment should have been
the other way. The ninth reason of appeal, concerned
with a statement of fact in the memorandum of de-
cision, is not before us, unless we comply with defend-

ants' request and correct the finding by placing it therein. We see no reason for so doing. The facts upon which the court rested its decision are fully set forth in the finding and cover fully the factual matter recited in the memorandum. Regarding the tenth assignment of error, which is directed to the alleged refusal of the court to prepare and file as part of the record the facts on which its judgment was founded, pursuant to the provisions of General Statutes, § 5791, there is nothing in the record to show that the written motion was denied, but the finding evidently was not made. The case was decided October 31st, 1924, and the motion was made November 4th, and was seasonable. *Morris* v. *Winchester Repeating Arms Co.*, 73 Conn. 680, 681, 49 Atl. 180. Had the finding been made it would have become part of the record and ordinarily the subject of review, but never having been made, its absence does not so diminish the record as to make it defective on appeal, nor can the want of action of the court upon defendants' motion constitute an error affecting the judgment rendered by the court, and reviewable as an error upon the appeal record. Had the motion been granted the finding would, if properly made, have contained only ultimate and not subordinate facts; and to get the latter upon record the ordinary appeal finding would have been necessary. The defendants had a right to this finding, and could have enforced its making by proper procedure, but not by error assigned in the present appeal.

It is quite evident that upon the finding as made defendants are at a serious disadvantage, unless the same can properly be corrected in several particulars, and before proceeding further we will consider the proposed corrections. The errors assigned as to corrections are twenty-six in number, and it is perhaps

needless to remark, that if granted would require sub-
stantially an adoption of the defendants' proposed
finding, resulting in finding facts entirely subversive
of the final conclusion reached by the court. None of
these corrections, under our rules and practice, should
be made.

The defendants claim that the facts found do not
sustain any allegation of negligence contained in the
complaint. One of these allegations, contained in
paragraph seven of the complaint, is that defendants
failed to keep to the right far enough to avoid hitting
the Goodrich car, a sufficient allegation to claim viola-
tion of the law of the road as contained in Public Acts
of 1923, Chapter 246, § 1. In support of this allegation
the court finds that the collision took place substan-
tially in the center of the road, that at this time
defendants' cars were headed diagonally across the
highway with the rear end of the towed truck pro-
jecting over the center of the road, and that the Good-
rich car after passing the wrecker struck the projecting
end of the truck projecting over the center line of the
highway. This, in connection with the setting of the
scene as described in other paragraphs of the finding,
warrants the conclusion of the trial court, that defend-
ants' operator was negligent in failing to yield to the
Goodrich car its half of the road. The court finds the
Goodrich car guilty of the same sort of negligence,
that is, that the negligent acts of the operator con-
curred in producing the disaster. Defendants contend
that they should have been apprised by the complaints
that the plaintiffs' causes of action were founded on
the concurring negligence of both drivers. Each plain-
tiff is suing these defendants, as each had the right
to do, although the negligence of a third party might
have contributed to the injury. Each tort-feasor can
be sued separately; *Shea* v. *Hemming,* 97 Conn. 149,

155, 115 Atl. 686; *Sullivan* v. *Krivitsky,* 100 Conn. 508, 123 Atl. 847; and since the action may be so brought, no allegations are required in the complaint except such as shall properly set forth the liability of the defendant sued.

It is further urged on behalf of the defendants that the trial court required of the defendants a higher degree of care in the premises than that fixed by law. The law of the road defined in Public Acts of 1923, Chapter 246, § 1, requires that the driver of a vehicle upon the highway meeting another vehicle shall "seasonably turn to the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to pass." It is urged that the trial court imposed upon defendants the duty to yield half of the way to the Goodrich car "at all hazards." Nothing of this sort appears from the finding. In the facts therein found it is clear that the court held defendants' operator to no higher degree of diligence than due care to yield the Goodrich car one half of the traveled road and to turn "if practicable." There is nothing in the finding to show that such a turning was not practicable. Defendants' operator had turned so that only the end of the truck was over the middle line of the road, and the whole truck was headed diagonally across the road. Defendants' operator had turned, but he had not begun his turn soon enough; his act was not seasonable. Therein lay his negligence. Due care is care proportioned to any given situation, its surrounding peculiarities and hazards. It may and often does require extraordinary care. Defendants' combination of vehicles was singular and unusual. It did not present the usual features of a car hitched behind another car by a rope or chain, with a man at the steering wheel of the towed vehicle, exercising control

apart from the towing car, but while its connection with the forward car was somewhat rigid, still it appears from the method of fastening the cars together, as detailed in the finding, there was necessarily some degree of play and the combined cars were not continuously rigid. Such a combination, moving at night, developed a unique situation, and certainly demanded a high degree of diligence to constitute due care. But the defendants urge that if Goodrich had been a little more careful in his observance of the rule of the road, he would have cleared the truck. This is true; the court has so found, but this does not avail the defendants as against these plaintiffs, whom the court has found in no way contributed to their injuries. Defendants also insist that their driver did all that could reasonably be expected of him under the circumstances, thinking as he must in fractions of a second. His fault, however, was not that he did not act reasonably, but that he did not act seasonably. There is nothing in the finding to show that he was required to think in fractions of a second. There is no express finding of the distance between the two cars, when each might have seen the other approaching, nothing to indicate that either car had just turned in from an intersecting road, or that the road from Milldale to Cheshire was not straight for a considerable distance. If the road situation presented a factor important in the case favorable to defendants, there undoubtedly would have been a claim by defendants to have it in the finding, and the court would have found the fact in that regard.

There is no error.

In this opinion the other judges concurred.