MILDRED MONGILLO *vs.* THE NEW ENGLAND BANANA COMPANY ET AL.

THOMAS COLELLO *vs.* THE NEW ENGLAND BANANA COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued April 7th—decided May 17th, 1932.

*William T. Keavney, Jr.,* with whom, on the brief, was *John H. Cassidy,* for the defendants.

*Michael J. Galullo,* with whom, on the brief, were *Theodore V. Meyer* and *Frederic C. Smedley,* for the plaintiffs.

HINMAN, J.  Previous to the collision in which the plaintiffs were injured, the sedan driven by Colello and in which Miss Mongillo was riding as a guest had been proceeding southerly in a line of traffic on the main highway between Seymour and Derby, and the named defendant's truck had been traveling northerly in a similar line.  The complaint contained several specifications of negligence but on the trial these narrowed substantially to the question whether that defendant's servant so turned to his left as to cause the truck to collide with the sedan on the latter's right-hand side of the road.  It appears from the memorandum of decision on the defendants' motion to set aside the verdict in favor of Miss Mongillo that in the trial court, as on this appeal, the main claim was that the evidence upon this issue did not suffice to sustain a recovery.  As to this, the memorandum stated: "The

evidence introduced with reference to the position of the cars after the accident in connection with that relating to the course of the car in which the plaintiff was riding before the accident, if believed, made any other conclusion [than that the truck so turned left] impossible."

In our consideration of the claim that the jury could not reasonably have reached that conclusion, our situation is more than ordinarily disadvantageous as compared with that of the jury and the trial court, in that the apparently most definite and helpful evidence as to the respective locations of the two cars after the accident consisted of illustration by the witnesses by means of miniature automobiles, but no information is afforded by the record as to the positions so depicted, especially with reference to the center of the highway. The practical advantage of this form of testimony frequently justifies resort thereto, but to render it available on appeal it is necessary that the record present an intelligible description of the relevant results of illustrations so given. However, the other testimony in the case, although conflicting, affords evidence which, if credited by the jury, is sufficient to sustain a conclusion that the car in which the plaintiffs were riding remained, and that the truck encroached, upon the plaintiffs' right-hand side of the road. Perhaps because we are without the benefit of the tangible demonstrations which were available on the trial, we do not regard such a conclusion as inevitable, as did the trial court, but we cannot hold that it was not open to the jury justifiably to reach it. Therefore, we are unable to set aside, upon that ground, the verdict for Miss Mongillo. As to the defendants' verdict in the Colello case, although the defendant driver was held to have been negligent, as the verdict in the Mongillo case imports, the evidence supports a holding of

contributory negligence by Colello, not shared by or attributable to Miss Mongillo, which might defeat a recovery on his part. We find no error in the rulings on motions to set aside the verdicts.

None of the proposed corrections which could be made would be material to the purpose served by the finding—to present claimed errors in the charge. *Brown* v. *Goodwin,* 110 Conn. 217, 147 Atl. 673. The paragraph from the plaintiff's counter-finding, "There was no substantial factor standing as a causal connection between the negligent acts of the defendants and the injuries suffered by the plaintiff except the impact of collision," is a statement of a conclusion inappropriate to a finding in a jury case. The effort here on the part of the defendant to secure its insertion is anomalous and apparently actuated by a misconception that recognition of the collision itself as a substantial factor would destroy causal connection between negligence of the defendants and the plaintiff's injuries.

A witness called by the defendants was asked on cross-examination if he had discussed the accident with anyone except his wife and boys, and replied: "There was—they told me there was insurance men—" but was stopped at that point, the court ruled the answer out, and immediately instructed the jury to disregard it. Defendants' counsel moved a mistrial on account of the attempted answer. The court denied the motion, and thereupon, and again in the formal charge, fully and emphatically instructed the jury as to the irrelevancy of the existence of insurance and that the incident should be disregarded. We do not find in the indefinite suggestion inferable from the answer sufficient possibilities of prejudice to the defendant to require the trial court to order a mistrial, and we do not discover in the record and result any

indication that the jury disregarded the repeated admonitions and permitted the incident to dictate or influence their verdicts. *State* v. *Leopold,* 110 Conn. 55, 60, 147 Atl. 118; *Antel* v. *Poli,* 100 Conn. 64, 75, 123 Atl. 272.

Claim is made that as Miss Mongillo alleged in her complaint that not only she but Colello were in the exercise of due care and offered no evidence of negligence on the part of Colello, error was committed in including in the charge, as to her case, instruction (concededly correct in law) that the defendants would be liable although it be found that both the truck driver and Colello were negligent in respects constituting substantial factors in causing her injuries. Her allegations negativing lack of care on Colello's part and proof in support of it were unnecessary (*Tower* v. *Camp,* 103 Conn. 41, 47, 130 Atl. 86), but a necessary consequence of the introduction by the defendants of evidence of negligence of Colello was to permit the jury to find concurrent negligence by him and the defendant driver thereby rendering instruction proper as to the legal effect of such a situation upon the plaintiff's right to recover from the defendants. If the defendants, on the trial, had regarded as important as they now claim an instruction as to the effect of concurrent negligence of Colello and the driver of a Packard car which, just before the collision, ran swiftly southward between the two lines of traffic, a request therefor should have been made. The situation did not so clearly call for such a charge as to require it without request.

The explanation given of the application of the rules of the road which supplemented a reading of the statute (§ 1639) was not inadequate. No fact within the scope of the finding afforded occasion for operation of the qualification—"if practicable"—of the duty to

turn to the right, the omission of which is complained of. The charge as to the standard of care required of Miss Mongillo as a guest in the Colello car was correct, and comment upon the evidence bearing upon this phase of the case 'was discretionary; reversible error cannot be predicated upon the court's failure to emphasize, in this connection, testimony that Colello was embracing her with his right arm and driving with his left hand only.

There is no error.

In this opinion the other judges concurred.