JOSEPH IANNUCCI *vs.* LEROY LAMB.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 1st—decided July 1st, 1937.

*Raymond E. Baldwin,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

BANKS, J. Plaintiff was a passenger in a truck which, on its way from Albany to Bridgeport, had come to a stop in Rensselaer, New York, in a line of traffic which had halted to permit traffic to proceed on an intersecting highway. In the line of traffic behind the truck was a car driven by Hurford, an employee of the United States Department of Agriculture, and behind the Hurford car was the car of the defendant. The Hurford car came to a stop in the rear of the truck, but the defendant's car failed to stop in time, struck the Hurford car in the rear, and shoved it forward against the rear of the truck. Plaintiff claimed to have been thrown by the force of the collision against the handle of the door of the truck, and to have received injuries as a result.

The plaintiff claimed to have proved that the Hurford car came to a gradual stop about six feet behind the truck, at a point between thirty-five and forty feet below the crest of a rise over a railroad bridge to its rear, and that at that time defendant's car had not passed over the crest and was not in sight; that after the Hurford car and the truck had remained standing several seconds defendant's car came over the crest of the rise at a speed of thirty-five miles an hour and crashed into the rear of the Hurford car, forcing it against the truck.

The defendant claimed to have proved that the three vehicles were proceeding with about a car length's interval between each when the line of traffic came to a sudden stop, that he applied his brakes,

but before he could bring his car to a complete stop he collided with the rear of the Hurford car which at the same instant collided with the rear of the truck, and that neither the driver of the truck nor Hurford gave any signal of intention to stop.

The jury brought in a verdict in favor of the defendant, which the court set aside upon the ground that its charge should have included an instruction upon concurrent negligence. The only question presented by the appeal is whether the failure of the court to so charge justified its action in setting aside the verdict for that reason.

Neither plaintiff nor defendant filed any requests to charge. The plaintiff claimed that the negligence of the defendant was the sole cause of the collision, while the defendant claimed it was caused solely by the negligence of the driver of the truck or that of Hurford, or by the negligence of both combined, or that it was an unavoidable accident. Upon these claims of proof the jury might have found that the collision was caused by the concurrent negligence of the defendant and Hurford, or that of the defendant and the drivers of both of the other vehicles. In that case, of course, the defendant would not be absolved of liability by the fact that the negligence of one or both of the other drivers concurred with his own in producing the collision. *Sullivan* v. *Krivitsky*, 100 Conn. 508, 123 Atl. 847. The court did not so charge. On the contrary the charge presented the case to the jury as one in which they were to find in the alternative whether the defendant or Hurford was responsible, with no suggestion as to what their verdict should be in case they found them both negligent.

The court said that it might "be a case where some one else was responsible, for instance the Department of Agriculture man could be the man who would be

responsible, and the party sued not be the responsible party." Again, "it is for you to say whether anything that Hurford did was a substantial factor in producing this injury, or whether the only substantial factor in producing the injury here was the conduct of the defendant, Lamb," and, "You are to say whose car was a substantial factor in causing that injury." The jury might well have understood from the charge that they were to determine who was responsible, the defendant or Hurford, and that they should not find the defendant liable unless his negligence was "the only substantial factor in producing the injury." Since the defendant could have been held liable though his negligence concurred with that of Hurford in causing the collision, these instructions were misleading. Under the circumstances, it was essential to the consideration and determination by the jury of the issue of the defendant's negligence, that they be instructed as to what their verdict should be in case they found that the collision was caused by the concurring negligence of the defendant and Hurford, and it was incumbent upon the court, even without request, to give such instructions. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 598, 169 Atl. 613.

It is true that the plaintiff made no claim that there was concurrent negligence, but alleged and claimed that the collision was due solely to the conduct of the defendant. Since each tort-feasor may be sued separately, no allegations are required in the complaint except such as properly set forth the liability of the defendant sued, and when the defendant produces evidence of the negligence of a third party the jury may find that his negligence concurred with that of the defendant, thereby rendering instructions proper, and under circumstances such as in the present

146 

case, necessary, as to the legal effect of such a situation upon the plaintiff's right to recover. *Tower* v. *Camp,* 103 Conn. 41, 47, 130 Atl. 86; *Mongillo* v. *New England Banana Co.,* 115 Conn. 112, 116, 160 Atl. 433; *Chaenen* v. *Connecticut Co.,* 100 Conn. 486, 123 Atl. 829; *Roberts* v. *New York, N. H. & H. R. Co.,* 107 Conn. 681, 689, 142 Atl. 455.

There is no error.

In this opinion the other judges concurred.