JEROME HUTCHINSON v. HARVEY HUTCHINSON.

*Bills and notes—Parol evidence—Replevin—Damages.*

1. Where the giving and taking of a promissory note are the deliberate acts of the parties, with full knowledge of the contents of the instrument, and the note is not tainted with any fraud, parol evidence is inadmissible to change the terms of payment.

2. In replevin for a span of horses, for the purchase price of which

the defendant has given his promissory note, which is the only written evidence of the contract, it is competent for the plaintiff to show that the note was not received in payment, and that the title to the horses was to remain in him until the purchase price should be paid.

3. In replevin for a span of horses, the proper measure of the defendant's damages is the value of the use of the horses during the time he has been deprived of their use.

Error to Muskegon. (Dickerman, J.) Argued November 1, 1894. Decided December 7, 1894.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Brown & Lovelace,* for appellant.

*Jerome E. Turner,* for defendant.

GRANT, J. In April, 1890, plaintiff leased his farm to his son, and at the same time sold him a span of horses, which are the subject of controversy in this suit. The price was $300, for which defendant gave his promissory note dated April 1, 1890, due April 1, 1893, which was the only written evidence of the contract. Plaintiff claimed, and his evidence sustained his claim, that the title was to rest in him until the purchase price was paid; that the note was given and received as a mere memorandum; that defendant was to pay $100 per year, should treat the team well, and use it only for farm purposes; that he had made no payments, and had maltreated the team. The verdict was for the defendant for the return of the property and $350 damages.

1. The court instructed the jury that parol evidence was not admissible to change the terms of the payment. The charge was correct. The note was not tainted with any fraud on the part of defendant. The giving and taking were deliberate acts of the parties, with full knowledge

of the contents of the instrument. Its legal effect was therefore binding upon both, and fixed the time of payment. The wisdom of the rule conspicuously appears in this case, where the parties radically disagree upon their conversations at and prior to the date of the note. In such cases the unambiguous writing must control.

2. It was competent to show that the note was not received in payment, and that the title should remain in the plaintiff for the purposes claimed by him. Upon this point the case was submitted to the jury under proper instructions. A serious error, however, was committed in admitting evidence of the defendant's damages, sustained by him between the time of the seizure under the writ and the trial. He testified under objection and exception that he was damaged to the amount of $800. The proper measure of damages was the value of the use of the team during the time the defendant was deprived of its use.

3. Defendant's counsel went outside of the record and of the limit of legitimate argument in commenting to the jury upon the wealth of the plaintiff and facts which did not appear in evidence.

Other errors are alleged, but, inasmuch as they are not likely to arise upon a new trial, they need not be mentioned.

Judgment reversed, and new trial ordered.

The other Justices concurred.