## SARAH J. LEWIS vs. JOHN E. HEALY.

Third Judicial District, New Haven, June Term, 1900.

ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is within the province of the jury to pass upon disputed questions of fact and to determine what weight or credibility shall be given to conflicting testimony; and therefore it is error for the trial court to set aside a verdict rendered under such circumstances, upon the ground that the verdict is against the evidence, unless indeed it is apparent that the jury acted from prejudice, partiality or corruption.

The parties were at issue as to whether the plaintiff's services were performed for the defendant or for the corporation of which he was president; and upon this issue the evidence was conflicting. *Held* that under these circumstances the trial court erred in setting aside a verdict for the plaintiff.

An unreasonable delay in deciding a motion to set aside a verdict alleged to be against the evidence, is such a stretch or abuse of discretion as to deprive the action of the trial judge of the favorable presumption that would under other circumstances be given to it by this court.

Argued June 7th—decided July 13th, 1900.

ACTION to recover for services rendered and disbursements made in carting bricks, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Studley, J.;* verdict for the plaintiff, which, upon motion of the defendant, was set aside as against the evidence, and appeal by the plaintiff for alleged errors of the court in setting aside the verdict. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*V. Munger*, for the appellant (plaintiff).

Lewis v. Healy.

*Charles S. Hamilton*, for the appellee (defendant).

ANDREWS, C. J. This action was brought to recover for certain work alleged to have been done and performed by the plaintiff at the request of the defendant, and upon his undertaking and promise to pay for the same an agreed price. The performance of the work was not disputed, nor was the price disputed. The case was tried to the jury. The only contention was whether or not the work had been done upon the promise of the defendant, or of a corporation of which he was the president. The jury returned a verdict for the plaintiff. Thereupon the defendant filed a motion to set aside the verdict and for a new trial, because the verdict was against the evidence. This motion was filed on the 23d day of July, 1899. On the 5th day of March, 1900, the court allowed the motion, set aside the verdict and granted a new trial. From that judgment this appeal is taken, pursuant to the statute (Public Acts of 1897, p. 895, chap. 194, § 29). That Act provides that when such an appeal is taken, "if said Supreme Court of Errors shall be of opinion that such decision setting aside the verdict was erroneous, it shall reverse such decision and order judgment to be entered upon said verdict in the lower court in favor of the party for whom the said verdict was rendered."

Upon such an appeal this court is acting primarily on the decision of the judge who set aside the verdict. But a trial judge has authority to set aside a verdict only when it is itself erroneous or clearly against the evidence. If a verdict is free from error or defect, then it is error for the judge to set it aside. So that the controlling question in such a case is strictly whether or not the verdict was erroneous.

In this case the only ground on which the defendant in his motion asked that the verdict be set aside was that it was against the evidence. As the court granted the motion we must assume that it was for that cause and no other on which the court deemed the verdict defective.

The jury is that tribunal which is regarded by the law as one especially fitted to decide controverted questions of fact

Lewis v. Healy.

upon evidence. The jury decides how much credibility is to be given to each witness, what weight justly belongs to the evidence, and between the statements of hostile and contradictory witnesses, where the truth is. And if the verdict to which they have agreed is a conclusion to which twelve honest men acting fairly and intelligently might come, then that verdict is final and cannot be disturbed. In such a case if the trial judge should set aside the verdict he would himself be in error. He would pass the bounds of his own proper function and invade the province of the jury. It is only when the verdict is manifestly and palpably against the evidence in the case —so much so as to indicate that the jury was swayed by passion, ignorance, partiality or corruption—that it should be set aside on that ground and a new trial granted.

We have read the evidence in this case with considerable care. We are not unmindful of the rule that great weight should in ordinary cases be given to the action of the trial judge. But we are not able to resist the conviction in this case that the trial judge erred in setting aside the verdict. There is but a single question in the case: Was the plaintiff entitled to recover against the defendant, or should she have brought her suit against the defendant's corporation? It was a case eminently proper for the jury to decide. The plaintiff introduced as a witness her agent who had made the contract on her behalf with the defendant. He was her main witness. The defendant was his own main witness. Each party strengthened his claims by such supporting evidence as he was able to produce. We must take it for granted that the jury were correctly instructed as to their duty, and as to the burden of proof. The jury were in duty bound to come to some decision upon the evidence before them. That decision could be reached only by considering the credibility of the witnesses and weighing the evidence in the light of all the circumstances and probabilities which had been spread before them. They decided for the plaintiff. We are not able to discover any indication that they did not act fairly and conscientiously, nor that the verdict was one to which

they might not honestly, fairly and reasonably agree. We think that the trial judge erred.

There is another consideration which we cannot overlook, and that is the very long delay by the judge before acting on the motion. Such a motion as this is very largely in the discretion of the judge; but a delay of eight or nine months is such a stretch—not to say abuse—of discretion, as to deprive the action of the judge of the favorable presumption that would under other circumstances be given it. The judge did not allow the motion when it was first made. At that time evidently it did not seem to him to be his duty to do so. So great a delay suggests the thought that it was not until the lapse of time had wrought changes in his mind—imperceptible, without doubt, to him—that he found himself willing to grant it.

There is error. The judgment is reversed and the Court of Common Pleas is directed to render judgment on the verdict for the plaintiff.

In this opinion the other judges concurred.