## JOHN O. BERGH *vs.* YACOVE SPIVAKOWSKI.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

Where a verdict for the plaintiff is set aside on the ground that the court judged, from its observation of the demeanor of the plaintiff upon the witness stand, that he was neither frank nor honest in his statements as to material facts, its action will be reversed unless the evidence shows that the jury could not fairly and reasonably have credited the plaintiff's testimony.

The credibility of witnesses, and the weight to which evidence is entitled, present questions for the jury; and if the verdict represents a conclusion to which honest men, acting fairly and intelligently, might come, it will not be disturbed.

It is only when the verdict is manifestly and palpably against the evidence, so that it indicates that the jury was swayed by passion, ignorance, partiality, or corruption, that it should be set aside.

In the present case the record did not disclose that the jury might not fairly and reasonably have believed the plaintiff's testimony, nor that the verdict was one which they might not reasonably have reached on the evidence. *Held* that the action of the trial court in setting aside the verdict was reversible error.

Argued June 12th—decided July 26th, 1912.

ACTION to recover damages for false representations in the sale of violins, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict for the plaintiff for $2,027, which, upon motion of the defendant, the court set aside as against the evidence, and the plaintiff appealed. *Error and judgment reversed.*

*Frank S. Bishop* and *George E. Beers,* for the appellant (plaintiff).

*Jacob P. Goodhart* and *Richard H. Tyner,* for the appellee (defendant).

PER CURIAM. The jury rendered a verdict for the plaintiff, which the court, upon motion, set aside as against the evidence.

It is evident from the memorandum of the trial judge, that the principal, if not the sole, reason why he set aside the verdict for the plaintiff, was that from his "observation of the demeanor of the witness (the plaintiff) on the stand," he "judged that he was neither frank nor honest in his statements," and that the jury should not have believed him.

The trial court erred in setting aside the verdict upon this ground, unless the evidence shows that the jury could not fairly and reasonably have credited the plaintiff's testimony. The rule to be applied by the court when a verdict has been set aside, is stated in *Lewis* v. *Healy,* 73 Conn. 136, 137, 46 Atl. 869, as follows: "The jury is that tribunal which is regarded by the law as one especially fitted to decide in controverted questions of fact upon evidence. The jury decides how much credibility is to be given to each witness, what weight justly belongs to the evidence, and between the statements of hostile and contradictory witnesses, where the truth is. And if the verdict to which they have agreed is a conclusion to which twelve honest men acting fairly and intelligently might come, then that verdict is final and cannot be disturbed. In such a case if the trial judge should set aside the verdict he would himself be in error. He would pass the bounds of his own proper function and invade the province of the jury. It is only when the verdict is manifestly and palpably against the evidence in the case—so much so as to indicate the jury was swayed by passion, ignorance, partiality or corruption—that it should be set aside on that ground and a new trial granted."

This record does not disclose that the jury might not

have fairly and reasonably believed the plaintiff's testimony, nor that the verdict was one which the jury might not reasonably have reached on the evidence before them.

There is error, the judgment is reversed, and the Superior Court is directed to render judgment on the verdict for the plaintiff.