FRANK W. BARBER *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Second Judicial District, Norwich, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

In crossing a street a pedestrian is bound to make a reasonable use of his senses for his own protection.

In the present case the plaintiff, while crossing a well-lighted and unobstructed city street, either did not see the defendant's sleigh approaching, or, if he did, heedlessly stepped in front of it and was injured. *Held* that in either event the jury could not reasonably have found that the plaintiff was in the exercise of due care, and therefore that the trial court did not err in setting aside a verdict in the plaintiff's favor.

Argued October 16th—decided December 15th, 1917.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant, brought to the Superior Court in New London County and tried to the jury before *Reed, J.;* the jury returned a verdict for the plaintiff for $1,096, which the trial court set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

*Lee R. Robbins,* for the appellant (plaintiff).

*Allyn L. Brown,* for the appellee (defendant).

PER CURIAM.   The court did not err in setting aside the plaintiff's verdict returned by the jury.   The reasons assigned for the court's action were that upon the evidence the jury could not reasonably have found either that the defendant's servant was negligent or that the plaintiff was free from contributory negligence. An examination of the evidence shows that the second of these propositions clearly is sound.   The plaintiff was injured in a city street, at the time well lighted, and, outside of the sidewalk, wholly deserted and free from obstructions to the sight of a traveler therein, save for the presence of the defendant's sleigh, which was being driven along it at a moderate rate of speed estimated at about four miles an hour.   He had just stepped from the sidewalk with the purpose of crossing the street diagonally.   At this time the sleigh must have been only a few feet away from his intended path. He had proceeded a distance from the curb, variously testified to as from three or four to thirteen feet, when he was hit in the back by one of the shafts of the sleigh. The conclusion is inevitable that in crossing as he did he either made no use of his eyes in self-protection, or that, making such use, he heedlessly stepped in front of the approaching sleigh, of whose presence he must have been aware.   In either event he was not in the exercise of due care.

There is no error.