HARRY PRESS, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

It is for the jury to determine the credibility to be attached to conflicting testimony and the weight to be given thereto, and their conclusions are not to be disturbed unless it is apparent that they acted from prejudice, partiality or the like.

In the present case, which was an action for damages for personal injuries resulting in death through the alleged negligence of the defendant, the evidence reviewed and the action of the trial court, in setting aside a verdict for the plaintiff, reversed, with direction to render judgment in conformity with the verdict.

Argued May 4th—decided June 10th, 1920.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the defendant's negligence, brought to the Superior Court in Middlesex County and tried to the jury before *Reed, J.;* the jury

returned a verdict for the plaintiff for $2,000, which the trial court, upon motion of the defendant, set aside as against the evidence, and from this decision the plaintiff appealed. *Error: judgment to be rendered in conformity with the verdict.*

*Gustaf B. Carlson* and *M. Eugene Culver*, for the appellant (plaintiff).

*Harrison T. Sheldon*, for the appellee (defendant).

PER CURIAM. The plaintiff's decedent, his child, received an injury resulting in her death by being run into by one of the defendant's trolley-cars. The place of accident was Main Street, a wide street running in a northerly and southerly direction through the business center of Middletown. Along this street the defendant operated its trolley-cars upon a double line of tracks laid down along its middle line. Just previous to the accident the plaintiff, having left and closed his shop on the east side of the street and intending to return home, stood upon the sidewalk in front of his shop accompanied by his twin daughters, four years and nineteen days old, holding each by the hand. While so standing, one of the children broke away from her father and started to run across the street in a diagonal direction, which bore her slightly to the right or northerly of the direct line across the street. The father, having safely disposed of the remaining child, ran in pursuit of the escaping one who continued running until she had almost passed over the rails of the easterly or north-bound tracks, when one of the defendant's cars, coming from the south, struck her and caused injuries which occasioned her death about two hours later.

With a full realization that great weight should be

given to the opinion of a trial judge who sets aside a verdict as being against the evidence, and that his action is not to be disturbed by this court unless it clearly appears that the discretion which is reposed in him was abused (*Cables* v. *Bristol Water Co.*, 86 Conn. 223, 224, 84 Atl. 928), a review of the evidence in this case convinces us that the jury reasonably might have found that the defendant's motorman was negligent either in not observing the child speeding toward danger from his car's progress in time to have avoided running her down, or if he did so observe, in not stopping his car before it struck her. Plainly the speed of the car was not great, and at the rate it was going could have been stopped in a very short distance. The evidence offered by the plaintiff and defendant respectively presented material questions of fact upon which there was a sharp disagreement. It was within the province of the jury to determine the credibility to be attached to conflicting testimony and the weight to be given thereto, and their conclusions are not to be disturbed unless it is apparent that they acted from prejudice, partiality, corruption or the like. *Lewis* v. *Healy*, 73 Conn. 136, 138, 46 Atl. 869. But the verdict of the jury in this case does not find its sole reasonable justification in the picture of the scene of the accident as presented by the plaintiff's witnesses. The portrayal of it by the witnesses for the defendant, although differing in important particulars, does not exclude the possibility of a reasonable conclusion of negligence such as we have above indicated.

The tender age of the injured girl of course rendered it impossible for the court to say that the verdict was unwarranted for the reason that freedom from contributory negligence on the part of the child was not shown. *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn.

689, 692, 58 Atl. 5; *DiMaio* v. *Yolen Bottling Works*, 93 Conn. 597, 600, 107 Atl. 497.

There is error, the judgment is set aside and the cause remanded for the rendition of a judgment in conformity with the verdict.