## ALEXANDER DUPUIS *vs.* ANNA DUPUIS.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

In a replevin contest between a divorced husband and wife, over the ownership and possession of their household furnishings and equipment, the jury rendered two verdicts: one for the husband on his complaint, and also with respect to certain articles described therein which were not replevied, but without awarding him any damages; and one for the defendant wife upon her counterclaim, with $400 damages. *Held:*—

1. That inasmuch as the only evidence of damage for the loss of use of less than $1,000 worth of furnishings to which the defendant was

found to be entitled, was $15 for the rental of another sewing-machine, the jury's award of $400 to her was clearly unwarranted and excessive.

2. That the failure of the jury to award any damages whatever to the husband for the articles wrongfully detained from him by the wife, as the jury found, rendered that portion of their verdict erroneous also.

3. That while it would have been better form to have had all the findings of the jury in a single verdict, the course followed was merely an irregularity and did not vitiate the results.

Argued October 23d—decided December 13th, 1923.

ACTION of replevin, brought to the Superior Court in New Haven County and tried to the jury before *Haines, J.;* verdict and judgment for the plaintiff upon his complaint, and for the defendant upon her counter-claim for $400 damages, and appeal by the plaintiff. *Error and new trial ordered.*

*Robert J. Woodruff,* for the appellant (plaintiff).

*Samuel A. Persky,* for the appellee (defendant).

KELLOGG, J. In this action between a former husband and wife, he seeks to obtain possession of household equipment used by them during their twenty-three years of married life. The defendant wife filed an answer containing a general denial of the allegations of the complaint, and also a counterclaim, alleging that the goods described in the complaint were the property of the defendant, and seeking a return of such goods and damages.

Two verdicts were returned by the jury and accepted by the court: one, finding the issues for the plaintiff upon the complaint, and that he retain part of the goods replevied, and also certain goods described in the writ but not replevied, describing them specifically, but without awarding damages; and the second verdict,

finding the issues for the defendant upon her counterclaim, and that the plaintiff return to her certain of the goods replevied by him, describing these also in detail, and also awarding the defendant $400 damages.

The plaintiff moved to have the verdict set aside, in arrest of judgment, and for a new trial, and the motion being overruled by the court, the plaintiff appealed to this court, assigning as error that "the court erred in overruling the plaintiff's motion to set aside the verdict and for a new trial."

In this court the chief contention of counsel for the appellant was that the jury was swayed by partiality and prejudice in awarding $400 damages to the defendant and no damages to the plaintiff, it being claimed that the award of $400 to the defendant was excessive, and also that under the verdict as returned the plaintiff was entitled to damages for the value of goods not replevied by him but found by the jury to be withheld from him by the defendant.

Under the evidence, the total value of the goods awarded to the defendant was less than $1,000 and the only evidence as to any damage for the loss of the use of these goods, was that the defendant had paid $5 a month for three months for the rent of another sewing-machine to replace the machine replevied.

In a similar case in Massachusetts, where household furniture also had been replevied, the court said: "The defendant is entitled to recover as damages such sum as will be a fair indemnity to him for the injury he has sustained by reason of the unlawful taking and detention of his property by the plaintiff." *Boston Loan Co.* v. *Myers*, 143 Mass. 446, 447, 9 N. E. 805.

This rule has been followed in this State in the case of *Adams* v. *Wright*, 74 Conn. 551, 51 Atl. 537; and also in *Allen* v. *Fox*, 51 N. Y. 562; *Underwood Typewriter Co.* v. *Veal*, 12 Ga. App. 11, 76 S. E. 645; *Hutchin-*

*son* v. *Hutchinson*, 102 Mich. 635, 61 N. W. 60; *Qualy* v. *Johnson*, 80 Minn. 408, 83 N. W. 393; and in cases cited in note to *Thomas* v. *First Nat. Bank of Tecumseh*, 32 Okla. 115, 121 Pac. 272, in 31 Amer. & Eng. Anno. Cas. 378.

With no evidence other than this payment of $15 for the use of another sewing-machine, it is quite apparent that an award of $400 for the loss of the use of less than $1,000 worth of household equipment for less than one and one half years, from October, 1920, to February, 1922, is excessive, and not founded on the evidence. "Unless there is some evidence upon which the jury might reasonably have reached their conclusion, their verdict should be set aside." *Phelan* v. *Waterbury*, 97 Conn. 85, 115 Atl. 630; *Burr* v. *Harty*, 75 Conn. 127, 52 Atl. 724; *Steinert* v. *Whitcomb*, 84 Conn. 262, 79 Atl. 675.

The plaintiff also contends that under the provisions of § 6106 of the General Statutes, damages should have been awarded him under the verdict of the jury that he was entitled to retain certain articles described in the writ but not replevied. This section reads as follows: "If any of the property described in the writ is not replevied, but the plaintiff proves a general or special property therein with a right to its immediate possession, and that it is wrongfully detained by the defendant, and claims full damages therefor, the value of such property with damages for its detention may be included in any judgment which the plaintiff may recover, and it shall be so stated upon the record."

The jury in their verdict found that the plaintiff was entitled to a number of articles, such as a kitchen range, cooking utensils, dinner set, stair carpets, etc., the value of which was testified to by the plaintiff without any evidence offered in contradiction. Under the statute the plaintiff was clearly entitled to damages

for the detention of the articles described in the writ but not replevied, and the value of which could have been determined by the jury from the evidence.

The award, therefore, of excessive damages to the defendant and the failure to award any damages to the plaintiff when, from the uncontradicted evidence, there should have been an award of some damage, clearly indicates that the jury were swayed by partiality in rendering the verdict they did.

When the verdict is manifestly against the evidence in the case, so much so as to indicate that the jury were swayed by partiality, it should be set aside. *Lewis* v. *Healy*, 73 Conn. 136, 46 Atl. 869; *Read* v. *Atlas Motor Car Co.*, 83 Conn. 167, 76 Atl. 465; *Carrier* v. *Donovan*, 88 Conn. 37, 89 Atl. 894.

The trial court was also asked to grant a new trial for the reason that the jury rendered two verdicts, which were accepted by the court, without objection on the part of the plaintiff so far as the record shows. "Although [in an action of replevin] it is the better form to embrace all the findings in one verdict, the fact that the findings are embraced in separate verdicts is merely an informality which will not vitiate the verdict." 34 Cyc. p. 1523. In *Mitchell* v. *Burch*, 36 Ind. 529, two verdicts were rendered by the jury, and the court said, in refusing a new trial: "If a verdict can be understood, it will be sustained although informal."

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.