## JOHN PORCELLO *vs.* FRANK FINNAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 16th—decided November 4th, 1931.

*M. Joseph Blumenfeld,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (plaintiff).

*Ralph O. Wells* and *William S. Locke,* for the appellee (defendant).

HAINES, J. The single ground of error alleged in this appeal is the action of the trial court in setting aside the verdict of the jury. The court was of the opinion that the jury could not reasonably have found otherwise than that there was contributory negligence on the part of the plaintiff.

The accident took place on Enfield Street in the village of Thompsonville, a straight public highway running north and south, substantially level for a considerable distance in both directions from the point of collision, with a twenty foot traveled way and broad shoulders on both sides available for cars in case of need.

The testimony for the plaintiff shows that he stepped from the right side of a car which was parked on the east shoulder of this street headed north, with its left wheels about a foot and a half east of the edge of the traveled portion of the street, and passed around to the front of the car with the intention of crossing the street. As he reached the edge of the traveled road in front of the parked car, he looked in both directions before stepping into the roadway and saw nothing coming from the north but did see the defendant's car coming from the south. He estimated that it was then about two hundred and twenty-five to two hundred and fifty feet away, and judged that he could safely cross. Walking forward "a little fast" until he reached the middle of the road, he noticed the car was headed for him and had nearly reached him, and that the driver was not trying to stop. The car then zigzagged first to the left and then to the right and struck the plaintiff inflicting serious injuries. Upon this appeal the negligence of the defendant is not a matter of dispute, the sole issue being the contributory negligence of the plaintiff.

The essential disagreement of the defendant with the plaintiff's evidence as above outlined, relates to the speed of the defendant's car and its distance from the plaintiff at the moment the latter started to cross the street. The defendant's estimate of his speed is lower than that of the plaintiff's eyewitnesses. The defendant says he did not see the plaintiff until the

latter was in the center of the right half of the traveled roadway and about a car-length from him. His failure to see the plaintiff is apparently explained by the fact, testified by two of the eyewitnesses who were a short distance south of the place of the accident, that they attracted the attention of the defendant as he passed them by motioning to him for a ride and that the defendant motioned to them in return but did not stop. Counsel for the defendant now claim that the forty or fifty mile speed of this car and its distance from the plaintiff as established by the practically uniform testimony of eyewitnesses, must have been incorrect. To show this it is calculated that at "march time" it would have required two and three tenths seconds for the plaintiff to pass from the front of the standing car to the point where he was struck, and this is then compared with the estimated distances traveled by both the plaintiff and the defendant in that space of time, and the conclusion is thus reached that the defendant's car was but one hundred and sixty-one and eight tenths feet down the road when the plaintiff started to cross. This attempt to fix the time and distance to tenths of a second and tenths of a foot by a mathematical calculation based upon figures which are at best mere estimates and approximations, is not convincing. The jury would have been quite justified, upon the evidence, in finding the defendant's car was then between three hundred and fifty and two hundred and twenty-five feet away, the first figure being the distance from the point indicated by the plaintiff on the map and the latter the shortest distance estimated in the oral testimony of witnesses. The plaintiff used due care by looking in both directions before starting to cross. There appears no reason to doubt his statement that he saw the defendant's car and thought he could safely cross. In-

deed, the fact that he walked and did not run is corroborative, to a certain extent, of that statement of his belief. To the jury his act appeared to be due care. To the court it seemed to be a lack of due care. We are only to decide whether there was evidence which the jury could have reasonably credited and from which they could have fairly reached the conclusion they did; or, in other words, whether the evidence was such that fair-minded men might reasonably differ as to its effect. *Oginskas* v. *Fredsal,* 108 Conn. 505, 143 Atl. 888; *Maroncelli* v. *Starkweather,* 104 Conn. 419, 133 Atl. 209; *Robinson* v. *Backes,* 91 Conn. 457, 99 Atl. 1057. The reason assigned by the trial court for setting aside the verdict was that "the jury must have believed the incredible version of the plaintiff," and it is indicated unmistakably that the court did not believe it. In *Bergh* v. *Spivakowski,* 86 Conn. 98, 84 Atl. 329, the trial court set aside the verdict of the jury because it felt they should not have believed the testimony of the plaintiff. In that case we quoted from *Lewis* v. *Healy,* 73 Conn. 136, 46 Atl. 869, as follows: "The jury is that tribunal which is regarded by the law as one especially fitted to decide in controverted questions of fact upon evidence. The jury decides how much credibility is to be given to each witness, what weight justly belongs to the evidence, and between the statements of hostile and contradictory witnesses, where the truth is. And if the verdict to which they have agreed is a conclusion to which twelve honest men acting fairly and intelligently might come, then that verdict is final and cannot be disturbed. . . . It is only when the verdict is manifestly and palpably against the evidence in the case—so much so as to indicate the jury was swayed by passion, ignorance, partiality or corruption—that it should be set aside on that ground and a new trial

734

granted." Though we give due weight to the opinion of the trial court and every presumption in favor of its correctness, yet the plaintiff has the right to have the credibility of witnesses passed upon and the issues of fact in his case decided by the jury, if they are such issues as fair-minded men might reasonably differ upon. *Maroncelli* v. *Starkweather, supra.* A careful study of the evidence in the case before us fails to satisfy us that the jury could not reasonably have believed the evidence given by this plaintiff and his witnesses, and have held the plaintiff free from contributory negligence in starting across the street under the circumstances disclosed by that evidence.

There is error; the judgment is reversed and the cause remanded with direction to enter judgment for the plaintiff upon the verdict.

In this opinion the other judges concurred.