AMY S. GOODHUE *vs.* MARY M. BALLARD.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 4th—decided March 4th, 1937.

*John Keogh, Jr.,* with whom, on the brief, was *John Keogh,* for the appellant (plaintiff).

*Maurice J. Buckley,* with whom, on the brief, was *John A. Walsh,* for the appellee (defendant).

Brown, J.  The only error alleged upon this appeal is the setting aside by the trial court of the verdict as contrary to the evidence.  The court ruled that the undisputed testimony of the plaintiff's son, driver of the car in which she was riding when it collided in a street intersection with the defendant's car, clearly established that his negligence and not that of the defendant was the substantial factor causing the accident, and that therefore the verdict was so manifestly unjust as to show that the jury failed to apply, as was its duty, the legal principles given it by the court.

Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found these material facts:  At about 6.45 p.m. on December 14th, 1935, the automobile in which the plaintiff was a passenger, owned and driven by her son, as it proceeded easterly on North Street in Stamford, collided with the defendant's car as she drove it northerly on Hubbard Avenue, at a point just east of the middle of the intersection of the two streets.  After the impact the two cars came to rest at the northeasterly corner of the intersection, the Goodhue car with its left side against the curb and heading slightly southeast, and the defendant's car headed into the right side of it just back of the middle.  The plaintiff was thrown out and injured.  The defendant's car was a sedan and considerably heavier than the Goodhue car, which was a coupé.  For quite a distance before arriving at the intersection, each driver had a view across the southwest corner of the other car as it was approaching, obstructed only in places by tree trunks, and by a brick pier, a light pole, and a letter box near the corner.  It was dark, and the street light on this pole was lighted.  It was a clear, dry night.  The streets as they lead into the intersection are from twenty-four to thirty-two feet wide, and practically

level. They are hard-surfaced, and intersect at right angles.

The plaintiff's son as he drove his car, with brakes in good condition and headlights lighted, at a speed of at least twenty miles per hour toward the intersection, at a point a considerable distance west of it saw the lights of the defendant's car two hundred feet south of it, approaching at a very fast rate. Upon reaching the intersection, without having watched or again looked at the defendant's car, and without having reduced the speed of his own car, he assumed that he could drive through without a collision, and continued on at the same speed. He next noticed the defendant's car when near the center of the intersection just before the impact, and as he veered left to avoid it, the front of it crashed into the right side of his car. The defendant as she drove her car toward the intersection, with brakes in good condition and headlights lighted, proceeded at a speed of from thirty-five to forty miles per hour. As she continued on through it, she did not reduce her speed, and at no time until she was well out into the intersection and the Goodhue car was right in front of her, did she see its lights or become conscious of its approach. In the same instant the collision occurred.

Upon these facts it is apparent that the jury as reasonable men were warranted in concluding that the defendant was negligent in operating at excessive speed under the circumstances, in failing to keep her car under proper control, and in failing to keep a proper look-out, and further that this negligence was a substantial factor in producing the collision. Their conclusion so reached, the court could not disturb. *Lewis* v. *Healy,* 73 Conn. 136, 138, 46 Atl. 869; *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863. Whether the jury could properly have found that the

Goodhue car had the right of way as argued at considerable length by counsel for the plaintiff, or not, it is unprofitable to discuss. If this were so found, the defendant would have been negligent in proceeding in disregard thereof, while if it were found that the defendant had the right of way, on the facts above recited, the jury could have concluded that in failing to use due care in the exercise thereof she was negligent. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Morosini* v. *Davis,* 110 Conn. 358, 363, 148 Atl. 371; *Rose* v. *Campitello,* 114 Conn. 637, 640, 159 Atl. 887; *Rosenberg* v. *Matulis,* 116 Conn. 675, 677, 166 Atl. 397.

In support of the defendant's principal contention, that the jury were not warranted in concluding that any negligence of hers was a substantial factor in producing the collision, her counsel urge that there was no sufficient evidence that the headlights of the Goodhue car were lighted, and that the uncontradicted evidence of the defendant is that she looked both ways before entering the intersection. These claims relate only to the last of the three grounds of negligence above stated, and they are without merit as to that. During her case in chief, the plaintiff's son testified that the lights of his car were in good condition and that he did not shut them off during the brief stop he had made a block west of the intersection, while on rebuttal, he, as well as the plaintiff, and her witness McCarthy, all testified that they were lit before the crash. In so far as the defendant's testimony with regard to looking is concerned, the jury were not bound to believe it. The plaintiff's credibility was for them to pass upon. *Lewis* v. *Healy,* supra; *Porcello* v. *Finnan,* supra, 734. But even if they believed she did look, that would have been insufficient to absolve her of negligence in this connection, since by her own ad-

mission she failed to see the lights of the approaching car which she could have seen. *Barber* v. *Great Atlantic & Pacific Tea Co.*, 92 Conn. 214, 215, 102 Atl. 577.

The other claims urged by the defendant in support of her chief contention above stated that her negligence could not be found to have been a substantial factor, relate to the claimed negligence of the driver of the Goodhue car. In view of the facts which the jury could have found as already recited, it is obvious that these claims are immaterial upon the issue of the defendant's liability. The negligence of the driver of the Goodhue car is not imputable to the plaintiff. *Sullivan* v. *Krivitsky*, 100 Conn. 508, 510, 123 Atl. 847. No claim is made, and the record is bare of any evidence, that the plaintiff had anything to do with the operation of her son's car, or was in any respect contributorily negligent. A conclusion by the jury, therefore, that the plaintiff's son as well as the defendant was negligent, and that the negligence of each was a substantial factor in producing the collision would not affect the plaintiff's right of recovery against the defendant. Where there is such concurrent negligence, each person guilty thereof is liable. *Sullivan* v. *Krivitsky*, supra, 511; *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 Atl. 143.

There is error, and the Superior Court is directed to enter judgment on the verdict for the plaintiff.

In this opinion the other judges concurred.