CATHERINE BURNS *v.* METROPOLITAN DISTRIBUTORS ET AL,

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided June 29, 1943.

*Maurice J. Buckley,* for the appellant (plaintiff).

*Stanley P. Mead,* for the appellees (defendants).

DICKENSON, J. The single question on this appeal is whether, on the evidence, the trial court was justi-

fied in setting aside the verdict as excessive on the failure of the plaintiff to file the remittitur it directed. While the defendants have suggested perjury on the part of the plaintiff, the record discloses no more than a contradiction of testimony between the plaintiff and her physician as to office visits, and the trial court makes no reference to false testimony in its memorandum on the ruling setting aside the verdict. From the evidence presented by the plaintiff, the jury might have found the following facts:

The plaintiff was seventy years of age. She weighed about two hundred and twenty pounds. Her health was good. She kept house for her two sons and a grandson, doing washing, ironing and cooking. On February 11, 1942, she was sitting on the rear seat of her daughter's car, which was stopped at a traffic light, when the defendants' truck ran into the rear end of the car, driving it forward several feet and throwing the plaintiff off the seat to the floor. As a result the plaintiff became hysterical, was in a mild state of shock, and was taken to a hospital and then home. She suffered pain in her back, shoulder, hips and legs. Thereafter she was unable to do her work. She lost forty pounds in weight. Her nerves were affected. She had to take sedatives to sleep. She had medical attention and, the pain in her back and hips persisting, x-ray pictures were taken. At the time of trial, nearly a year after the injury, she could do little housework; she could not walk far; it was hard for her to climb stairs and she could not move about in bed without pain.

The medical experts of both sides agreed from an examination of the x-ray pictures that the plaintiff had arthritic changes in her spine, and there was medical testimony that it was well established that a person may have arthritis and not know it, and an injury may activate it, producing disability and pain. This

coupled with the testimony of the plaintiff that prior to the injury she had been a well woman would justify the jury in a conclusion that the accident had lighted up an arthritic condition. In addition to active arthritis an orthopedic surgeon testifying for the plaintiff gave it as his opinion based on x-ray pictures that there had been spondylolisthesis or a slipping forward of the last lumbar vertebra.

It is true we have said that great weight should be given to the act of the trial court in setting aside a verdict as excessive. *Cables* v. *Bristol Water Co.,* 86 Conn. 223, 225, 84 Atl. 928. We have also said much weight should be given to the court's refusal to set aside a verdict. *Zint* v. *Wheeler,* 117 Conn. 484, 488, 169 Atl. 52. Also, in *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863, we quoted from *Lewis* v. *Healy,* 73 Conn. 136, 46 Atl. 869, that "The jury is that tribunal which is regarded by law as one especially fitted to decide . . . questions of fact upon evidence," and that it is only where a verdict is so manifestly against the evidence as to indicate misconduct on the part of the jury that it should be set aside. The first premise in such a situation is that where a party has a right to a jury trial he has the right to have the jury decide his case and not the presiding judge. The courts recognize this right and so when a verdict is set aside presumably it is for a good and sufficient reason. But that presumption must be supported by the record itself and the evidence must indicate more than poor judgment on the part of the jury. It must "indicate the jury was swayed by passion, ignorance, partiality or corruption," and, as we added in *Porcello* v. *Finnan,* supra, 734, "Though we give due weight to the opinion of the trial court and every presumption in favor of its correctness, yet the plaintiff has the right to have the credibility of witnesses passed upon and the issues

of fact in his case decided by the jury. . . ." We also said in *Schlag* v. *Paffney,* 103 Conn. 683, 685, 131 Atl. 420, "We recognize that the trial judge in setting aside this verdict acted in the exercise of a sound discretion," but, quoting from *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 Atl. 1057, "One obviously immovable limitation on the legal discretion of the court in such cases is the constitutional right of trial by jury, which in a proper case includes the right to have issues of fact, as to the determination of which there is room for a reasonable difference of opinion among fair-minded men, passed upon by the jury and not by the court."

The jury might reasonably have arrived at the verdict they did. From a well woman and capable housekeeper, the plaintiff was rendered a semi-invalid unable to do her work and with doubtful prospects of full recovery.

There is error and the case is remanded with direction to enter judgment upon the verdict.

In this opinion the other judges concurred.