JOSEPH MARCUS *v.* FRANK PORTAL

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 14-627-9677

Argued June 1—decided August 13, 1964

*Arthur L. Spada,* of Hartford, for the appellant (defendant).

*George J. Sherman,* of Hartford, for the appellee (plaintiff).

Jacobs, J. The plaintiff, a duly licensed real estate broker, instituted this action for a commission which he alleged he earned when he procured a customer ready, willing and able to buy the defendant's real estate in Hartford for the price and upon the terms laid down by the defendant. From a verdict and judgment for the plaintiff the defendant has appealed, assigning error in the denial of his motion for judgment non obstante veredicto, in the denial of his motion to set aside the verdict as unsupported by the evidence, and in rulings on evidence.

At the outset, we point out that the defendant filed no requests to charge and took no exceptions to the charge as given. "Since no assignment of error is addressed to the charge, we must assume that it was adequate and legally correct." *Vogel* v. *Sylvester,* 148 Conn. 666, 668.

The record discloses that the defendant did not move for a directed verdict before the case was submitted to the jury. "Under the rule such a motion is a prerequisite of a motion for judgment notwithstanding the verdict based upon a lack of evidence." *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629, 634; Practice Book, 1963, § 255; see *Masterson* v. *Atherton,* 149 Conn. 302, 314; *Haag* v. *Beard Sand & Gravel Co.,* 151 Conn. 125, 126; *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 281. The first assignment of error must fail for noncompliance with our established practice. Maltbie, Conn. App. Proc. § 206.

We come now to the denial of the defendant's motion to set aside the verdict. "Our primary concern in reviewing the action of the trial court on a motion to set aside a verdict is to determine

whether the court abused its discretion." *Desmarais v. Pinto,* 147 Conn. 109, 110, "A verdict of a jury prevails unless unsupported by the evidence; *Dupuis* v. *Dupuis,* 100 Conn. 96, 99 . . . ; or unless it is so palpably against the evidence as to indicate prejudice, partiality, corruption, confusion or lack of understanding of the issues by the jury." *Harris* v. *Clinton,* 142 Conn. 204, 209. "In reviewing the action of the court, we consider the evidence in the light most favorable to the plaintiff; . . . giving due weight to the refusal of the trial court to disturb the verdict and its reasons therefor when given." *Oborski* v. *New Haven Gas Co.,* supra.

The jury could reasonably have found, as the evidence had come in, that in April, 1962, the defendant engaged the plaintiff, a duly licensed real estate broker, to sell his three-family dwelling house, located at 498 Blue Hills Avenue, in Hartford, at a price of $29,000 cash. The plaintiff made efforts to procure a customer and in the latter part of April did procure Isidor Rubin, who, as trustee for William Calusine, agreed to pay $29,000 in cash for the defendant's property. When this fact was communicated to the defendant, he changed the terms as originally fixed by him and insisted that, in addition to the price of $29,000 cash, he wanted six months' free rent of the second-floor apartment which he and his family occupied. The plaintiff prevailed upon his customer to accept, and the customer did in fact accept, the new and additional term imposed by the defendant. A deposit of $1000 was paid to the plaintiff which he was to turn over to the defendant upon the execution of a contract of sale. Thereafter the defendant refused to go through with the transaction on the ground that the terms as specified by him, in addition to the six months' free rental of the second-floor apartment, called for a price of $29,000 in cash "net" to him.

Upon the trial, as the evidence had come in, the crucial and sharply litigated issue turned upon the terms as fixed by the defendant; that this was the real, if not the only, issue before the jury is not only reflected in the evidence but also finds support in the special defense.[1] Its determination, upon conflicting evidence, presented a question of fact for the jury; its resolution adversely to the defendant's claims is amply supported by the record.

"A broker earns his commission in a real estate transaction when he procures a customer who is ready, willing and able to purchase upon terms prescribed or accepted by the seller." *Richter* v. *Drenckhahn*, 147 Conn. 496, 500; *Marshall* v. *Sturgess & Jockmus, Inc.*, 150 Conn. 59, 62. "This rule does not require that the parties enter into an enforceable agreement but only that the offer of one party fairly meets the terms of the other." *Dyas* v. *Akston*, 137 Conn. 311, 313. In his brief and upon oral argument before us, the defendant has argued the case upon the basis of the ability of the buyer to comply with his terms. The subject was nowhere specifically pursued until after the jury had rendered their verdict. A careful examination of the record discloses that the trial of the case revolved almost entirely around the question of terms. The ground of financial inability is not specifically mentioned in the grounds of defense, and at no time in the course of the trial did the defendant ever contend that he refused to go through with the sale because of the inability of the buyer to meet his terms. It is clear to us from the record and especially from the defendant's own

---

[1] The special defense alleged: "The defendant at all times mentioned in the complaint instructed the plaintiff that the purchase price of said property was twenty-nine thousand ($29,000) dollars, net, to the defendant in addition to a period of six (6) months rent free of the apartment occupied by the defendant on said premises."

testimony that, as the evidence had come in, he elected to base his defense on the ground that the buyer had not met his terms; having made that election, he now seeks to set aside the verdict rendered by the jury by raising, for the first time, the matter of the buyer's ability to meet those terms. "We have no occasion to change the character of the case at its present stage from that which the . . . [parties] gave to it, . . . and shall treat it as the parties have heretofore done." *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 365; cf. *Cohen* v. *Lenehan,* 134 Conn. 514, 516. Our perusal of the record shows that there was no serious question here as to the ability of the buyer; as a matter of fact, there is evidence that he offered a higher price even after the defendant refused to go through with the transaction.[2] "An issue may be expressly waived during trial or impliedly waived by the manner in which the trial is conducted. . . . Where a case proceeds on the theory that certain facts are not in issue, proof of such facts will be deemed to have been waived." 88 C.J.S. 165, Trial, § 59. The facts as developed in this case, drawn from conflicting testimony, furnish a proper and logical basis for the conclusion that the buyer fairly met the terms as laid down by the defendant. The plaintiff has earned his commission. "The principal cannot release himself from liability to the agent by a capricious refusal to consummate the sale." *Notkins* v. *Pashalinski,* 83 Conn. 458, 461. The court was not in error in refusing to set aside the verdict.

The defendant claims error in admitting into evidence a check for $1000 which the prospective

---

[2] The transcript is replete with testimony, admitted into evidence without objection, that the transaction called for "$29,000.00 all in cash." We fail to find a single reference in the transcript in which the defendant, during the course of the trial, ever raised or questioned or argued the issue of the buyer's ability to meet the terms as prescribed by the owner.

buyer gave the plaintiff as a deposit toward the purchase price. Its admission could not possibly have been harmful to the defendant in view of the plaintiff's testimony, admitted without objection, that he had received a deposit of $1000 to be turned over to the defendant. As for the admission of an unsigned bond for deed, it is true that the instrument was hurriedly drawn and defective in certain material particulars. It purports to contain only the bare outlines of the terms of the sale and on its face seems to be incomplete and uncertain. Certainly, it is not an offer the acceptance of which would constitute a binding contract of sale. "But proof of the execution of an enforceable agreement of sale was not essential to the plaintiff's case." *Hancock Co. v. S. J. Poli Corporation,* 113 Conn. 545, 551. "Whatever the infirmities of . . . [the bond for deed] as a final and enforceable agreement, that instrument was not the whole of the plaintiff's case, nor, necessarily, a vital part of it. As we have already stated, it was sufficient for the plaintiff to prove that . . . [he] had produced a customer ready, able and willing to buy upon terms which had been prescribed by the owner." Id., 555. We hold that the plaintiff had.

There is no error.

In this opinion PRUYN and KOSICKI, Js., concurred.