[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 31-249b, the plaintiff, Ronald Williams, appeals from a decision of the employment security board of review denying the plaintiff's claim for unemployment benefits, by the defendants, the administrator of the Unemployment Compensation Act and Leed/Himmel Industries, Inc.
Leed/Himmel Industries, Inc., a manufacturer of aluminum extrusions, employed the plaintiff from October 20, 1993 until CT Page 15402 September 21, 1998 as a racker in their Hamden, Connecticut facility. The plaintiff's employer discharged him after an incident occurring on September 18, 1998.[1] The following occurrences immediately preceded the plaintiff's discharge on September 21, 1998.
On September 18, 1998, the plaintiff, who was the union steward, was out of his work area in violation of plant rule number seventeen. Due to this conduct, the employer questioned the plaintiff about being out of his work area. This questioning led to the plaintiff yelling and swearing at the employer, which resulted in the employer suspending the plaintiff for wilful misconduct.
Following this suspension, a second employee walked by the plaintiff and the employer in violation of plant rule number seventeen. The employer then advised the second employee to get back to his work area. The second employee responded with profane language and the employer terminated the second employee.
The plaintiff, who was present during this incident with the second employee, acting as union steward for the second employee, informed the employer that the second employee should not be disciplined unless the employer follows proper union procedures. After the plaintiff made these comments and used profane language again, he was terminated by the employer.
Following the plaintiff's termination, he and the second employee were asked to leave the employer's facility. The plaintiff, however, refused to leave because he "wanted to make a point that the employer could not suspend or discharge employees on a whim without following proper union procedures," and was subsequently arrested for trespassing.
After being discharged, the plaintiff sought unemployment benefits from the defendant administrator. On October 7, 1998, the defendant granted the plaintiff such benefits because the plaintiff's employer did not discharge him for wilful misconduct. Id. The employer then appealed from defendant's decision for a hearing before an appeals referee. After a hearing on November 18, 1998, the referee affirmed the defendant's decision, finding the plaintiff did not engage in wilful misconduct within the meaning of the Unemployment Compensation Act because his final act of challenging the employer's termination of a second employee on procedural and racial grounds was within the scope of CT Page 15403 his duties as a union steward.
The employer appealed the referee's decision on December 24, 1998. On January 29, 1999, the board of review issued a decision finding that the referee's decision was not supported by the facts in the record, and it reversed the referee's decision.
On February 2, 1999, the board of review received a letter from the plaintiff indicating his disagreement with the decision. The board of review treated this letter as a timely motion to reopen and on March 1, 1999, denied the plaintiff's motion to reopen on the ground that the plaintiff failed to present new evidence that would require a new trial.
On March 29, 1999, the board of review received a letter from the plaintiff indicating his desire to appeal the decision. The board of review treated this letter as a petition for an appeal and, pursuant to General Statutes § 31-249b, sent a certified copy of the record to the Superior Court.
 I
This court does not retry unemployment compensation cases on appeal. The court determines only whether the board of review's decision is arbitrary, illegal or an abuse of discretion. UnitedParcel Service, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). The court does not retry facts or hear evidence. The facts have been established below at agency level. The court considers the evidence certified to it by the board only to determine whether there was any evidence to support the conclusions reached. Practice Book § 22-9(a). Accordingly, the court is bound by the findings of fact and the reasonable conclusions of the board. Finkenstein v. Administrator,192 Conn. 104, 112-13, 470 A.2d 1196 (1984). Nor may the court substitute its conclusions for those of the board, in the absence of an arbitrary, unreasonable or illegal decision. Calnan v.Administrator, 43 Conn. App. 779, 785, 686 A.2d 134 (1996). If the board's decision correctly applies the law to the findings of fact, it must stand if its conclusion could reasonably follow from its findings. Calnan v. Administrator, supra,43 Conn. App. 784- 85. The weight of evidence and assessment of credibility is for the agency. Id. And the court's jurisdiction is particularly limited when, as here, no motion to correct the finding has been made. CT Page 15404
The claimant's argument at the court hearing revealed disagreement with some of the facts found by the board. Unfortunately, he did not file a motion to correct the finding. Id., 783-85. Therefore, the court is bound by the findings submitted by the board.
The question the court must determine is whether the decision of the board of review was arbitrary, unreasonable or illegal.
 II
Section 31-236 (a)(2)(B) provides that a person is ineligible for benefits if he is discharged for wilful misconduct in the course of his employment. Our statutes further define wilful misconduct as "deliberate misconduct in wilful disregard of the employee's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence. . . ." General Statutes §31-236 (a) (15). In Bailey v. Administrator, 3 Conn. App. 494, 495,490 A.2d 92 (1985), the court found that wilful misconduct included a wilful disregard of an employer's interest which was exhibited by deliberate violation of the employer's procedures or disregarding an expected standard of behavior. Connecticut State Regulations of Connecticut Agencies provides in Section 31-236-26a
that to establish a case of deliberate misconduct in wilful disregard of the employer's interest, the Administrator must find:
 "(a) Misconduct . . . the administrator must find that the individual committed an act . . . which was contrary to the employer's interest, including any act . . . which is not consistent with the standards of behavior which an employer . . . should reasonably . . . expect from an employee.
 (b) Deliberate . . . the Administrator must find that the individual committed the act . . . intentionally or with reckless indifference for the probable consequences of such act . . .
 (c) Wilful Disregard of the Employer's Interest . . . the Administrator must find that:
 (1) the individual knew or should have known that such act . . . was contrary to the employer's expectation or interest; and CT Page 15405
 (2) at the time the individual committed the act . . . he understood that the act . . . was contrary to the employer's expectation or interest and he was not motivated or seriously influenced by mitigating circumstances of a compelling nature. Such circumstance may include:
 (A) events or conditions which left the individual with no reasonable alternative cause of action; or
 (B) an emergency situation in which a reasonable individual in the same circumstances would commit the same act . . . despite knowing it was contrary to the employer's expectation or interest."
Based upon the additions to the findings made by the board of review revealing a pattern of abusive language, and the law as it stands on wilful misconduct, it is clear that the decision of the board must stand. The actions noted were contrary to and in wilful disregard of the employer's interest, and inconsistent with standards of behavior the employer could reasonably have expected of employees. The acts were committed deliberately or with reckless indifference, and with knowledge that they were contrary to the employer's expectation or interest. Based on everything before it, the court finds that the board's decision is not unreasonable, illegal or an abuse of discretion.
 III
This case presents an unusual — and perplexing problem — that the legislature may wish to address. The referee, who heard and saw the witnesses testify, agreed with the administrator and made factual findings favoring the claimant. The board of review, which did not view and hear the witnesses testify but only reviewed the record and the tapes, made factual findings favoring the employer. This raises a question of the fairness of the process.
It is a basic rule of incredibly long standing that the factual conclusions of the trier of fact who heard and viewed the taking of testimony may not be disturbed by a reviewing tribunal unless it is apparent that the trier acted from prejudice, partiality or corruption. Press v. Connecticut Co., 95 Conn. 45, CT Page 15406 47, 109 A.2d 295 (1929); Roma v. Thames River Specialties Co.,90 Conn. 18, 20, 96 A.2d 169 (1915). "Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." Altman v. Hill, 144 Conn. 233, 238, 129 A.2d 358
(1957); Morgan v. Hill, 139 Conn. 159, 90 A.2d 641 (1952). The conclusions of the trier of fact must stand if not unreasonable, even if the trial court and the Supreme Court might feel a different result should be reached. Gennallo v. Mazzacane,144 Conn. 686, 689, 137 A.2d 534 (1957).
Clearly, the trier who viewed the witnesses testify is in the best position to determine motivation for testifying and credibility. Talton v. Warden, 33 Conn. App. 171, 179,634 A.2d 912, aff'd, 231 Conn. 274 (1993); In re Juvenile Appeal (B2-AB),188 Conn. 557, 561, 452 A.2d 113 (1982); Arboni v. McCullough,186 Conn. 280, 285-86, 440 A.2d 980 (1982); Kukauskis v. Jasut,169 Conn. 29, 32-33, 362 A.2d 898 (1975). "[W]e must defer to the [trier's] assessment of the credibility of the witnesses based on its first hand observation of their conduct, demeanor and attitude. . . ." State v. Crespo, 246 Conn. 665, 674,718 A.2d 925 (1998); State v. Tomasko, 238 Conn. 253,258, 681 A.2d 922 (1996). The rule has universal acceptance in other jurisdictions. It is a rule of fundamental fairness.
Yet our statutes appear to permit the board of review to do what the law has frowned on for a century. Section 31-249, Connecticut General Statutes permits an appeal to they board of review to "be heard on the record of the hearing before the referee or the board may hear additional evidence or testimony. . . ." It concludes: "In any case in which the board modifies the referee's findings of fact or conclusions of law, the board's decision shall include its findings of fact and conclusions of law."
Surely, a rule of such overwhelming acceptance, which is good medicine for our courts, is also good medicine for the board of review. There is a provision in the Connecticut State Regulations allowing the board to take testimony if it wishes. It would make good sense — and comply with Supreme Court rulings — if the statutes and regulations were amended to allow the board of review to amend or change the referee's findings of fact after
an evidentiary hearing before the board. Since the board undoubtedly upholds the referee in most cases, this will not CT Page 15407 logjam the process. If, after reviewing the referee's findings in this case the board felt it should change them or amend them (as it did) it could call the parties in for a limited or full evidentiary hearing, under its present regulations. This would further foster just decisions and ensure that no cases fall between the cracks. The small burden it adds to the administrative process would be easily justified by the purpose it serves.
Indeed, in one of the board's own regulations, § 31-273g-40, a circumstance which may cause the board to order a further hearing, was in evidence in this case: "(1) the findings of fact contained in the decision appealed from are silent, incomplete, or erroneous' on factual issues material to the review of the case."
Presumably like the administrator and the referee before it, the court found the claimant to be credible when he appeared as a pro se party. This court cannot say that if the board of review had the opportunity to view and hear the claimant's testimony, the board would not have agreed with the referee — or found that there were not mitigating circumstances of a compelling nature.
These observations, however, are properly addressed to the legislature. Based upon the existing statute, the appeal is dismissed for the reasons given above.
Samuel S. Freedman Judge Trial Referee